1  WRIGHT, FINLAY & ZAK, LLP
2  Darren T. Brenner, Esq.
   Nevada Bar No. 8386
3  Ramir M. Hernandez, Esq.
   Nevada Bar No. 13146
4  7785 W. Sahara Ave, Suite 200
   Las Vegas, NV 89117
5  (702) 475-7964; Fax: (702) 946-1345
   dbrenner@wrightlegal.net
6  *Attorney for Defendant, Bayview Loan Servicing, LLC*

7                    **UNITED STATES DISTRICT COURT**

8                          **DISTRICT OF NEVADA**

9

10  ASHER RICHARD COHEN, an individual,          Case No.: 2:20-cv-00190-APG-DJA

11                         Plaintiff,
                  vs.                            **STIPULATED PROTECTIVE ORDER**
12  BAYVIEW LOAN SERVICING, LLC, a
    Foreign Limited-Liability Company; EQUIFAX
13  INFORMATION SERVICES LLC, a Foreign
    Limited-Liability Company; and TRANS
14  UNION LLC, a Foreign Limited-Liability
    Company,
15
16
                           Defendants.
17

18
19      Plaintiff, Asher Richard Cohen, and Defendants, and Bayview Loan Servicing, LLC, by
20  and through their counsel of record, hereby stipulate and agree as follows[1]:
21      1.      Any party or non-party may designate as "confidential" (by stamping the relevant
22  page or as otherwise set forth herein) any document or response to discovery which that party or
23  non-party considers in good faith to contain information involving trade secrets, or confidential
24  business or financial information, subject to protection under the Federal Rules of Civil
25  Procedure or Nevada law ("Confidential Information"). Where a document or response consists
26  of more than one page, the first page and each page on which Confidential Information appears
27  shall be so designated.

28  ─────────────────────
    [1] Defendant Transunion has not been included as a party to this confidentiality agreement because it recently settled
    this matter with plaintiff pending final dismissal paperwork.  ECF No. 33.

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential:" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.      All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.      Except with the prior written consent of the other parties, or upon prior order of this Court obtained with notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a)     counsel for the respective parties in this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b)     employees of such counsel;

    (c)     individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution of this litigation;

    (d)     consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order as **Exhibit A** (which shall be retained

by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being show or given any Confidential Information and provided that if the party chooses a consultant or expert employed by a corporate defendant or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e)     any authors or recipients of the Confidential Information;

(f)     the Court, personnel, and court reports; and

(g)     witnesses (other than persons described in paragraph 4(e).)   A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.   Witnesses shown Confidential Information shall not be allowed to retain copies.

5.     Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.     Unless otherwise permitted by statute, rule, or prior Court Order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule UA 10-5(a).  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in

favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

7.   A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.   Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8.   If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (days) from the receipt of such written notice to apply to the Court for an order designating the material as confidential.   The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9.   Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

   (a)   the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

   (b)   the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an Order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

   (c)   the Court rules the material is not confidential.

10.   All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.   Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition

transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of the action to counsel for the party or non-party, or (b) destroy such documents within the time period upon such consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11.     The terms of this Stipulation and Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial.

12.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1    13.    Any witness or other person, firm, or entity from which is discovery is sought

2 may be informed of and may obtain the protection of this Order by written advice to the parties'

3 respective counselor by oral advice at the time of any deposition or similar proceeding.

4    DATED this 15th day of September, 2020.

5 WRIGHT, FINLAY & ZAK, LLP              COGBURN LAW

6

7 /s/ Darren T. Brenner                          /s/ Erik W. Fox
Darren T. Brenner, Esq.                        Jamie S. Cogburn, Esq.

8 Nevada Bar No. 8386                          Nevada Bar No. 8409
Ramir M. Hernandez, Esq.                   Erik W. Fox, Esq.

9 Nevada Bar No. 13146                        Nevada Bar No. 8804
7785 W. Sahara Ave, Suite 200            2580 St. Rose Parkway, Suite 330

10 Las Vegas, NV 89117                         Henderson, Nevada 89074

11 *Attorney for Defendant, Bayview Loan*     *Attorneys for Plaintiff, Asher Richard*
*Servicing, LLC*                                *Cohen*

12

13

14                          **IT IS SO ORDERED**

15                          _____

16                          UNITED STATES MAGISTRATE JUDGE

17                          Dated: September 17, 2020

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT A</u>**

     I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms of the Protective Order dated _____, in the Case of *Asher Richard Cohen  v. Bayview Loan Servicing, LLC et al.* (Case No. 2:20-cv-00190-APG-DJA). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal Confidential Information to anyone, except as allowed and consistent with this Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes, or other transcriptions made therefrom – to the counsel who provided with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

Dated: _____

_____